August E. DUPAQUIER, Complainant,

v.

EMPLOYERS CASUALTY COMPANY,
Respondent.

Civ. A. No. 10677.

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 6, 1963.

David R. Normann, New Orleans, La.,
for plaintiff.

Leonard B. Levy, New Orleans, La., for
defendant.

FRANK B. ELLIS, District Judge.

The merits of this action were tried before a jury on September 10, 1963. Subsequently, it came on for hearing on motion of Employers Casualty Company, defendant, to set aside the general verdict and for entry of judgment in accordance with answers to interrogatories or in the alternative for a new trial. On September 25, 1963, this court denied defendant's motion and hereby enters reasons for its judgment.

■ Defendant's motion cannot here be considered one for judgment notwithstanding the verdict under Rule 50, F.R. Civ., P., 28 U.S.C., for the reason that neither at the close of plaintiff's evidence nor at the close of all the evidence did defendant move for a directed verdict. Sears v. Pauly, 261 F.2d 304 (1 Cir. 1958).

By agreement of the parties written interrogatories were submitted to the jury. Defendant now contends that the conflict between the answer to Interrogatory # 6 and the amount of damages specified in the general verdict entitles defendant to a new trial under Rule 49 (b), F.R.Civ.P. 28 U.S.C. Interrogatory # 6 reads as follows:

"What are the total amount of plaintiff's damages? $941.67"

The general verdict reads:

"We, the jury find for the plaintiff in the total amount of $8,941.67"

Thus, a material conflict of exactly $8,000.00 appears between the answer to the interrogatory and the sum in the general verdict.

■ As to this claim of conflict between the jury's special finding and the general verdict it is well settled that special findings of a jury will not justify the setting aside of the general verdict unless such findings are in irreconcilable

8

conflict with the general verdict. Bass v. Dehner, 10 Cir., 103 F.2d 28. In determining whether the conflict is irreconcilable, certain guidelines should be considered.

"Every reasonable intendment should, however, be indulged in favor of the general verdict in an effort to harmonize it with answers to the interrogatories, and the latter should be held controlling only where the conflict on a material question is beyond reconciliation on any reasonable theory consistent with the evidence and its fair inferences." 5 Moore's Federal Practice, § 49.04, page 2211.

On their face both the answer and the general verdict indicate "total" damages to be two distinct figures. However, as clearly indicated by the evidence and exhibits adduced at the trial, "special" damages amounted to $941.67. From opening statements through closing arguments the jury was requested to distinguish between special and general damages. When filling out the single sheet containing both the interrogatories and the general verdict, it is fair to infer that the jury construed the interrogatory to ask for the "total amount of special damages", mainly because they were continuously asked to consider them separately. When completing the general verdict then it is also fair to infer that the jury construed it to ask for the "total amount of all damages, both the special damages included in answer to # 6 and the general damages as well." Such theory is reasonable and consistent with the evidence.

Furthermore, after the general verdict was read in open court the defendant had the jury polled and each and every one of them affirmatively stated that it was his verdict. At that time the defendant noted the above inconsistency, but failed to move for clarification before the jury was dismissed. For these reasons the court did not enter judgment for the defendant under Rule 58, nor require the jury to return for further deliberations, nor order a new trial.

Therefore, judgment will be entered by the Court in favor of the plaintiff, August E. Dupaquier, and against defendant, Employers Casualty Company, in the sum of $8,941.67, with legal interest at 5% from date of judicial demand until paid, and all costs of this proceeding.